IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Case No. 1:26-cv-02876

WATSON MUSIC GROUP, LLC.
d/b/a QUADRASOUND MUSIC,

  Plaintiff,

v.

EKIBEN, LLC d/b/a EKIBEN BALTIMORE,

  Defendant.

_____

## COMPLAINT

Plaintiff Watson Music Group, LLC d/b/a Quadrasound Music ("Plaintiff") sues defendant Ekiben, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Broward County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business located at 1622 Eastern Avenue, Baltimore, MD 21231. Defendant's agent for service of process is Steve Chu, 1622 Eastern Avenue, Baltimore, MD 21231.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The language 'may be found' means any district which may assert personal jurisdiction over a defendant." Johnson v. Sky Media, LLC, No. 1:19-3269-MGL-PJG, 2020 U.S. Dist. LEXIS 73016, at *16-17 (D.S.C. Apr. 23, 2020). In other words, "venue is proper generally where personal jurisdiction can be asserted over the corporate defendant." Frontline Test Equip. v. Greenleaf Software, 10 F. Supp. 2d 583, 589 (W.D. Va. 1998).

## FACTS

### I.      Plaintiff's Business

6.      Plaintiff is an independent music publisher engaged in the business of acquiring, administering, and licensing an impressive catalogue of musical compositions. Plaintiff's licensees include various Fortune 500 companies, major movie studios, and various other entities that commercially exploit one or more songs from Plaintiff's library.

### II.      The Work at Issue in this Lawsuit

7.      The musical composition *Space Jam* titled "370437, "Space Jam"" (the "Work") was written and produced by the Quad City DJ's (Jay McGowan, Nathaniel Orange, p/k/a Lemonhead, and Vann Bryant, p/k/a 69 Boyz), to be utilized as the main theme song for the major motion picture of the same name, *Space Jam*. In the music industry, RIAA's Gold & Platinum Awards define success. The movie's soundtrack, which features *Space Jam*, sold more than eight million copies in the United States, qualifying it as an 8x Certified Platinum Award winner.

8.      Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the Work, the corresponding US Copyright Office registration number for such composition, and one or more

2

screenshots of the alleged infringement. True and correct copies of each Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

9.      For all times relevant to this action, Plaintiff has been assigned and is the current owner of the exclusive rights of the composition copyright rights in and to the Work.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### III.    Defendant's Unlawful Activities

10.      Defendant owns and operates four restaurants in the state of Maryland.

11.      Defendant advertises/markets its business through its website (https://ekibenbaltimore.com/),  social media (e.g., https://www.instagram.com/ekibenbaltimore/, https://www.facebook.com/EkibenBaltimore/,                    and https://www.youtube.com/@ekibenbaltimore/shorts),   food    order/delivery    serves    (e.g. https://linktr.ee/ekibenbaltimore?fbclid=IwY2xjawS3nbNleHRuA2FlbQIxMABicmlkETF1SUt0 Wk43aElaeU43M1ptc3J0YwZhcHBfaWQQMjIyMDM5MTc4ODIwMDg5MgABHq1pMdTQs wO0o2ggHQk8AGQImK7HueGY- YPBKXz2V5lBwVP6cstPOkgXQXOB_aem_uoL41O38AI2pBiN4_zIG5w,                    and https://www.toasttab.com/local/order/ekiben-fells-point/r-252b853c-2f94-40ce-a264- c2affc6dbd4f?diningOption=takeout&rwg_token=AE37R_jSwqjOPLvBPrqeMNhs5oH7ZvWQ3 pVKoWEWWyraQ5uGBxgI97QUA8RcWwhL5cuMJGItZFS3Fnf_mMMRalfRf_MtIdrEgQ%3 D%3D),  and other forms of advertising.

12.      On April 24, 2024 (after the above-referenced copyright registration of the Work), Defendant published and/or broadcast the Work as a means of advertising, promoting, and/or marketing its business.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

13.     True and correct copies of screenshots of Defendant's alleged infringement of the Work are included in Exhibit "A" hereto.

14.     Defendant is not and has never been licensed to use or broadcast the Work. Defendant never contacted Plaintiff to seek permission to use or broadcast the Work.

15.     Defendant utilized the Work for commercial use.

16.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

17.     Through its ongoing diligent efforts to identify unauthorized use of its Work, Plaintiff first discovered Defendant's unauthorized use of the Work in October 2023.  Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

18.     All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT

19.     Plaintiff re-alleges and incorporates paragraphs 1 through 18 as set forth above.

20.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

21.     Plaintiff owns a valid copyright in the Work as Plaintiff is the exclusive owner, by assignment/purchase, of all composition rights in the Work.

22.     As a result of Plaintiff's reproduction, distribution, and broadcast of the Work, Defendant had access to the Work prior to its own reproduction, distribution, broadcast, and/or public performance of the Work.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

23.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

24.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional works are generally paid for and cannot simply be copied from the internet.

25.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

26.    Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

27.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

28.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

29.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.   A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to reproduce, distribute, broadcast, publicly display, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

Dated: July 23, 2026.                        COPYCAT LEGAL PLLC
                                             3111 N. University Drive
                                             Suite 301
                                             Coral Springs, FL 33065
                                             Telephone: (877) 437-6228
                                             dan@copycatlegal.com

                                             By: /s/ Daniel DeSouza
                                                 Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228